RECEIVED
FEB 08 2011
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Paul I. Perlman
Partner
Direct Dial: 716.848.1479
Facsimile: 716.819-4616
pperlman@hodgsonruss.com

**Hodgson**
ATTORNEYS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/11

February 7, 2011

**By Overnight Delivery**

Hon. Richard M. Berman
Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

**MEMO ENDORSED**
**PG. 3**

Re: Ventura Content AVV v. Milnes, et al.; Case No.: 1:10-cv-09572-RMB

Dear Judge Berman:

We represent Ryan Milnes and A.F.I.C., Inc. (the "defendants") in the above matter. Pursuant to Your Honor's Individual Practices, specifically Practice 2.A., we are requesting a pre-motion conference to discuss defendants' anticipated motion to dismiss plaintiff's amended complaint ("complaint") for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2). Perhaps we can combine this conference with the scheduling conference already scheduled for this Thursday, February 10, at 9 a.m.

Defendants do not believe the Court has jurisdiction over them under either N.Y. C.P.L.R. § 302(a)(1) or Fed. R. Civ. P. 4(k)(2) — the only statutes referenced within the jurisdictional allegations of plaintiff's complaint. See Amended Complaint for Declaratory and Injunctive Relief and Damages, filed January 7, 2011 ("Amended Complaint"), Docket No. 3, ¶¶ 21-23. First, defendants do not "transact business" within New York State as contemplated by N.Y. C.P.L.R. § 302(a)(1); and plaintiff has not alleged a sufficient nexus between its claims



and defendants' purported New York activity.[1] Second, while plaintiff's claim clearly arises under federal law, jurisdiction is not properly exercised under Fed. R. Civ. P. 4(k)(2) either. Defendants do not have the requisite minimum contacts with the United States as a whole to allow the court to exercise general jurisdiction over them.[2] And even if the Court ultimately found that the requisite contacts exist, it would be unreasonable to exercise jurisdiction under the circumstances here. Ryan Milnes is a Canadian citizen and A.F.I.C. Inc. is a Canadian corporation, neither of whom has significant contacts with the United States. Moreover, the plaintiff is an Aruban corporation with its principal place of business in Aruba. *See* Amended Complaint, Docket No. 3, ¶ 11. So while the exercise of jurisdiction would impose an immense burden on defendants, it would simultaneously fail to advance the other interests examined in connection with the typical due process inquiry.[3] Third, it is clear that the better and more convenient forum for this case is Toronto, Ontario, Canada. The defendants are amenable to

---

[1] *See Navaera Sciences, LLC v. Acuity Forensic, Inc.*, 667 F. Supp. 2d 369, 374-75 (S.D.N.Y. 2009) (identifying the "relevant factors" to be considered under the transaction of business standard of N.Y. C.P.L.R. § 302(a)(1), and holding that the court lacked jurisdiction over either defendant — a Canadian corporation and its principal).

[2] *See Kiobel v. Royal Dutch Petro. Co.*, 2010 WL 2507025, at *7 (S.D.N.Y. June 21, 2010) ("Where, as here, a plaintiff relies on the court's general jurisdiction, it must demonstrate that the defendant has maintained 'continuous and systematic general business contacts' with the United States. The 'continuous and systematic' standard requires a plaintiff to prove that the defendant's contacts 'approximate physical presence' in the United States.") (citations omitted).

[3] *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (identifying the factors that a court must consider as part of the reasonableness analysis of the due process inquiry and holding that "in the absence of any cognizable interest on the part of the plaintiff or the State of Vermont in adjudicating these claims in Vermont, the exercise of jurisdiction in these circumstances would violate traditional notions of fair play and substantial justice") (citations omitted).

Hon. Richard M. Berman
February 7, 2011
Page 3



process in Ontario and plaintiff's copyright claims can be adequately adjudicated by a Canadian court.[4]

    We look forward to addressing these issues with Your Honor.

    Respectfully,

    *Paul I. Perlman*

    Paul I. Perlman

PIP/kas

cc:    Gianni Servodidio, Esq.
       Joseph J. McFadden, Esq.
       (*By Overnight Delivery*)

> Plaintiff to respond by 5:00 p.m. on 2/9/11. We can discuss Defendants' proposed motion at the conference on 2/10/11.
>
> SO ORDERED:
> Date: 2/8/11
> Richard M. Berman, U.S.D.J.

---

[4]  See *Murray v. British Broad. Corp.*, 81 F.3d 287, 290 (2d Cir. 2006) (affirming district court's dismissal of plaintiff's copyright claims on *forum non conveniens* grounds where the conduct at issue was centered in England, a signatory to the Berne Convention).