UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENTURA CONTENT, AVV,<br><br>                        Plaintiff,<br>     v.<br><br>RYAN MILNES and A.F.I.C. INC.,<br><br>                        Defendants. | Civil Action No. 10-9572 (RMB)<br><br>Electronically Filed<br><br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

      Defendants, A.F.I.C., Inc. ("AFIC") and Ryan Milnes, (collectively, "Defendants"), for their Answer to the Plaintiff's Amended Complaint for Declaratory and Injunctive Relief and Damages ("Complaint"), state as follows:

      1.     The allegations in paragraph 1 of the Complaint are legal conclusions or characterizations to which no response is required.  But to the extent a response is required, Defendants DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

      2.     The allegations in paragraph 2 of the Complaint are legal conclusions or characterizations to which no response is required.  But to the extent a response is required, Defendants DENY that they "intentionally misappropriate valuable entertainment content for their short-term profit[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 2 of the Complaint.

      3.     The allegations in paragraph 3 of the Complaint are legal conclusions or characterizations to which no response is required.  But to the extent a response is required, Defendants DENY that they "[use] the anonymity and power of the Internet, [to] steal

[Plaintiff's] content on a massive scale for their own benefit by operating websites known as 'Tube Sites' that allow users to upload, view, and download a vast library of infringing adult video content for free[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 3 of the Complaint.

4.     DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5.     The allegations in paragraph 5 of the Complaint are legal conclusions or characterizations to which no response is required.  But to the extent a response is required, Defendants ADMIT that AFIC owns and operates a tube site at www.slutload.com ("tube site"), which has a link for users to "Upload Videos," and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 5 of the Complaint.

6.     The allegations in paragraph 6 of the Complaint are legal conclusions or characterizations to which no response is required.  But to the extent a response is required, Defendants DENY the allegations in paragraph 6 of the Complaint.

7.     The allegations in paragraph 7 of the Complaint are legal conclusions or characterizations to which no response is required.  But to the extent a response is required, Defendants ADMIT that AFIC sells advertising space on its tube site, DENY that "the cornerstone of [AFIC's] business plan is [its] ability to offer . . . users access to free, copyrighted adult videos as a means to attract users to [its] site[,]" or that "Defendants use this traffic to generate money for themselves and their related businesses by selling 'premium memberships,' [or] various third-party services[,]" and otherwise DENY knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required, Defendants DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required, Defendants DENY that they "routinely present [Plaintiff's] copyrighted videos as their own[,]" and that they "intentionally manipulate the videos posted to [the AFIC tube site] and mislead users as to the source of the content on [the AFIC] site[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required, Defendants DENY that they have engaged in "willful infringement and other illegal conduct[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 10 of the Complaint.

11. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

12. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint.

13. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint.

14. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15. ADMIT that "Defendant Ryan Milnes is an individual living in Ontario, Canada[,]" and that he "owns and/or controls defendant A.F.I.C., Inc.[,]" DENY that Ryan Milnes has . . . lived or worked in Pensacola, Florida during time periods relevant to this litigation[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 15 of the Complaint.

16. ADMIT the allegations in paragraph 16 of the Complaint.

17. ADMIT that AFIC owns the tube site, but otherwise DENY the remaining allegations in paragraph 17 of the Complaint.

18. INCORPORATE their responses to paragraphs 1- 17 and 25-74 of the Complaint.

19. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint.

20. DENY the allegations in paragraph 20 of the Complaint.

21. The allegations in paragraph 21 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required,

Defendants DENY that the "Court has personal jurisdiction over Defendants[,]" that "Defendants transact business in New York and contract to supply goods and services in the state in connection with the matters giving rise to this suit[,]" that "Defendants, by themselves and through their agents, have engaged in paid commercial transactions with New York residents for the provision or sale of goods and services including infringing materials[,]" that Defendants "[use] the lure of infringing materials [to] openly encourage . . . users (including users in New York) to upgrade to lifetime 'premium' memberships via the [AFIC tube site,]" and that "Defendants have . . . attended trade shows in New York for the purpose of transacting business and promoting the [AFIC tube site]," and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 of the Complaint.

22.     The allegations in paragraph 22 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required, Defendants ADMIT that AFIC sells advertising space on its tube site, that users are able to "register with [AFIC's tube site]," that AFIC occasionally (albeit infrequently) provides support to users, that AFIC requires users to agree not to upload content infringing the copyright or intellectual property rights of others and that, as a result, AFIC requires users to "indemnify [it] for infringing uses of [the AFIC tube site]," but DENY Plaintiff's characterizations with respect to advertisements and registration, and further DENY that Defendants sell "paid subscriptions[,]" that "there is a direct and substantial nexus between [Plaintiff's] claims in this case and Defendants' transaction of business with [New York users,]" that the tube site "falls at the most interactive end of the spectrum in terms of its overall design, use and functionality," that Defendants "entic[e] New York users to engage in commercial transactions," and otherwise

DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 22 of the Complaint.

23. The allegations in paragraph 23 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required, Defendants ADMIT that they "actively monitor the traffic on [the AFIC tube site from Ontario, Canada[,]" but DENY that they "engage in widespread and continuous business activities and derive substantial revenues from their contacts with the United States as a whole[,]" that "Defendants' 'premium' section, by default, assumes that a prospective paying customer is from the United States[,]" that Defendants "purposefully target the United States and its users[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required, Defendants DENY the allegations in paragraph 24 of the Complaint.

25. The allegations in paragraph 25 of the Complaint are legal conclusions or characterizations to which no response is required. But to the extent a response is required, Defendants DENY that "[they] have appropriated and exploited [Plaintiff's] copyrighted works, resulting in . . . rampant infringement[,]" and that "Defendants' acts of infringement remain ongoing to date[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 25 of the Complaint.

26. ADMIT that the AFIC tube site is provided "free of charge[,]" that AFIC "displays its logo . . . and advertising to the user[,]" and otherwise DENY knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 of the Complaint.

27.     DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint.

28.     ADMIT that a "user may enter search terms into the site's search function" or select from "thumbnails" that are located on the AFIC tube site, and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 28 of the Complaint.

29.     The allegations in paragraph 29 of the Complaint are legal conclusions or characterizations to which no response is required.  But to the extent a response is required, Defendants ADMIT that a user may view content by clicking on a "thumbnail," and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 29 of the Complaint.

30.     ADMIT that Defendants formerly added a "watermark" to videos on the AFIC tube site but upon information and belief they discontinued this practice in or about April or May 2010, and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 30 of the Complaint.

31.     ADMIT that Defendants "copy the video in their own technical format," that such videos are stored on servers and are "available for viewing on [the AFIC tube site]," and that the AFIC tube site allows users to search for and locate content, and otherwise DENY the remaining allegations in paragraph 31 of the Complaint.

32. DENY that "Defendants have willfully, intentionally, and purposefully reproduced, publicly performed, and publicly displayed the copyrighted works, and knowingly facilitated, enabled, induced, and materially contributed to infringing uses thereof, and refused to exercise their ability to control or supervise infringing uses thereof[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 32 of the Complaint.

33. DENY that "Defendants have actual knowledge and notice of . . . infringement, which is obvious to even a casual visitor to the [AFIC tube site,]" and that "the infringing copyrighted material on the [tube site] is a critical part of Defendants' business plans to increase the [tube site's] traffic, market share, revenue, profits, and enterprise value[,]" and otherwise DENY knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 33 of the Complaint.

34. DENY the allegations in paragraph 34 of the Complaint.

35. ADMIT that AFIC has the ability to control the content on its tube site, and that AFIC expressly reserves the right to delete user submissions, among other things, and otherwise DENY the remaining allegations in paragraph 35 of the Complaint.

36. DENY the allegations in paragraph 36 of the Complaint.

37. DENY that "Defendants have adopted [a] hands-off policy knowing that copyright owners have limited ability to monitor for infringing videos on [AFIC's tube site] and send takedown notices for the videos they find[,]" and otherwise DENY knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 37 of the Complaint.

      38.      DENY the allegations in paragraph 38 of the Complaint.

## CLAIMS FOR RELIEF

### Count I
### (Direct Copyright Infringement – Public Performance)

      39.      REPEAT their responses to paragraphs 1 to 38 of the Complaint.

      40.      DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint.

      41.      DENY the allegations in paragraph 41 of the Complaint.

      42.      DENY the allegations in paragraph 42 of the Complaint.

      43.      DENY the allegations in paragraph 43 of the Complaint.

      44.      DENY the allegations in paragraph 44 of the Complaint.

      45.      DENY the allegations in paragraph 45 of the Complaint.

### Count II
### (Direct Copyright Infringement – Public Display)

      46.      REPEAT their responses to paragraphs 1 to 45 of the Complaint.

      47.      DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint.

      48.      DENY the allegations in paragraph 48 of the Complaint.

49. DENY the allegations in paragraph 49 of the Complaint.

50. DENY the allegations in paragraph 50 of the Complaint.

51. DENY the allegations in paragraph 51 of the Complaint.

52. DENY the allegations in paragraph 52 of the Complaint.

### Count III
### (Infringement of Plaintiff's Distribution Rights)

53. REPEAT their responses to paragraphs 1 to 52 of the Complaint.

54. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint.

55. DENY the allegations in paragraph 55 of the Complaint.

56. DENY the allegations in paragraph 56 of the Complaint.

57. DENY the allegations in paragraph 57 of the Complaint.

58. DENY the allegations in paragraph 58 of the Complaint.

59. DENY the allegations in paragraph 59 of the Complaint.

### Count IV
### (Contributory Copyright Infringement)

60. REPEAT their responses to paragraphs 1 to 59 of the Complaint.

61. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Complaint.

62. DENY the allegations in paragraph 62 of the Complaint.

63. DENY the allegations in paragraph 63 of the Complaint.

64. DENY the allegations in paragraph 64 of the Complaint.

65. DENY the allegations in paragraph 65 of the Complaint.

66. DENY the allegations in paragraph 66 of the Complaint.

67. DENY the allegations in paragraph 67 of the Complaint.

## Count V
### (Vicarious Copyright Infringement)

68. REPEAT their responses to paragraphs 1 to 67 of the Complaint.

69. DENY knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 of the Complaint.

70. DENY the allegations in paragraph 70 of the Complaint.

71. DENY the allegations in paragraph 71 of the Complaint.

72. DENY the allegations in paragraph 72 of the Complaint.

73. DENY the allegations in paragraph 73 of the Complaint.

74. DENY the allegations in paragraph 74 of the Complaint.

## DEFENSES

### First Defense

75. Plaintiff lacks standing to bring some or all of the claims in the Complaint.

**Second Defense**

76. The Court lacks personal jurisdiction over one or more of the Defendants.

**Third Defense**

77. Venue is improper.

**Fourth Defense**

78. For the convenience of witnesses and parties, and in the interest of justice, venue should be transferred to a more convenient forum.

**Fifth Defense**

79. The Complaint does not contain a short and plain statement of the claim, as required by Rule 8 of the Federal Rules of Civil Procedure.

**Sixth Defense**

80. Upon information and belief, Plaintiff was not at the relevant time the registrant of some or all of the copyrighted works alleged in the Complaint.

81. Accordingly, plaintiff lacks standing to bring copyright infringement, contributory copyright infringement, or vicarious copyright infringement claims arising out of claimed infringement of those copyrights.

**Seventh Defense**

82. Upon information and belief, some or all of the claims are barred by the applicable statute of limitations.

**Eighth Defense**

83. The Complaint fails to state a claim upon which relief can be granted.

### Ninth Defense

84. Upon information and belief, Plaintiff does not own valid copyrights in the copyrights pleaded in the Complaint.

### Tenth Defense

85. Plaintiff's claims are barred by the doctrines of estoppel or laches.

### Eleventh Defense

86. Plaintiff's copyright claims are barred by the doctrine of fair use.

### Twelfth Defense

87. Defendants' alleged copyright infringement, if any, was innocent and non-willful.

### Thirteenth Defense

88. Defendants have not infringed, contributorily infringed, and/or induced infringement of any intellectual property referenced in the Complaint and are not liable for infringement thereof.

### Fourteenth Defense

89. Upon information and belief, Plaintiff is precluded, pursuant to 17 U.S.C. § 412, from recovering statutory damages or attorneys' fees.

### Fifteenth Defense

90. Defendants qualify for the Digital Millennium Copyright Act safe harbor identified in 17 U.S.C. § 512(c), and are therefore not liable for monetary, injunctive, or other equitable relief.

91. Upon further information and belief, Plaintiff or its representatives have, prior to the date of the commencement of this lawsuit, requested that one or more videos be removed from the AFIC tube site. That video(s) was promptly taken down from the AFIC website.

### Sixteenth Defense

92. Upon information and belief, some or all of the videos referenced in Exhibit A to the Complaint were uploaded to the AFIC tube site by Plaintiff, by the copyright holder, or by someone with authorization from Plaintiff or the copyright holder, to upload the videos.

93. Plaintiff is therefore barred from claiming that the public performance, public display, or distribution of its videos on the AFIC tube site constitute copyright infringement.

### Seventeenth Defense

94. Plaintiff's damages, if any, were caused by its own failure to take reasonable actions to avoid or mitigate its alleged damages.

### Eighteenth Defense

95. Third parties beyond the control of Defendants caused Plaintiff's damages, if any.

### Nineteenth Defense

96. Defendants reserve their rights to assert any further defenses that may become known during discovery.

- 15 -

**WHEREFORE**, Defendants demand judgment against the Plaintiff dismissing the action in its entirety, awarding to Defendants their reasonable costs, disbursements, and attorneys' fees, and for such other and further relief as the Court deems just and proper.

To the extent this matter is not dismissed before trial, Defendants request a trial by jury on all issues.

Dated: February 22, 2011
       Buffalo, New York

                              **HODGSON RUSS LLP**
                              *Attorneys for Ryan Milnes and A.F.I.C., Inc.*

               By:        s/Paul I. Perlman
                          Paul I. Perlman
                          The Guaranty Building
                          140 Pearl Street, Suite 100
                          Buffalo, New York  14202
                          Tel (716) 856-4000
                          *pperlman@hodgsonruss.com*

059633/00001 Litigation 7733550v1